**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals
For the Seventh Circuit
Chicago, Illinois 60604



Argued November 18, 2022
Decided December 6, 2022

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

JOHN Z. LEE, *Circuit Judge*

No. 22-1176

| | |
|---|---|
| ALBERT THOMAS,<br>*Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 21 C 1844 |
| CHICAGO TEACHERS' PENSION FUND,<br>*Defendant-Appellee*. | Ronald A. Guzmán,<br>*Judge*. |

**O R D E R**

Albert Thomas, an accountant at the Chicago Teachers' Pension Fund, has sued his employer, alleging discrimination based on race, age, and sex, and retaliation for complaining about the discrimination and for reporting accounting irregularities. The district court granted the Fund's motion to dismiss, concluding that Thomas's charge of discrimination, which was required to exhaust his administrative remedies as a precursor to suit, did not cover the claims in his amended complaint.

No. 22-1176 Page 2

We see the exhaustion question somewhat differently than the district court. Both Thomas's discrimination charge and his lawsuit complain of race and age discrimination resulting in him not being promoted and not receiving pay raises. But we agree that the complaint does not contain any other claims like or reasonably related to the charge. So, we affirm in part, vacate in part, and remand the case to the district court.

**Background**

We accept Thomas's well-pleaded facts as true and draw all reasonable inferences in his favor. *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019). In his amended complaint, Thomas recounts mistreatment that he has experienced while working as an accountant at the Fund. Thomas is a black man born in 1956. In 2012, he began to suspect accounting irregularities. When he reported those errors, he was told not to do anything. Ultimately, Thomas "pursued legal action," against the Fund, about which he does not elaborate.

Thomas applied for promotions in 2019 and February 2020, but he was not selected. Yet, he still performed the duties of those jobs, without the corresponding pay raises. "[Y]ounger, less qualified female non-African American employees" were promoted over him, and he was denied opportunities to work with software systems because of his age. And on one occasion, a coworker used a racial epithet when addressing Thomas. Thomas complained about the mistreatment, but it continued.

In November 2020, Thomas filed a charge of discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission. Where the form asks for the discrimination grounds, Thomas checked boxes for race, sex, retaliation, and age. He wrote "October 26, 2020" as both the earliest and latest dates of discrimination and said that his was a "continuing action." In the only narrative portion of the form, he described the "particulars":

> I began my employment with [the Fund] on or about March 9, 2015.[1] My most current position is Senior Accountant. During my employment with [the Fund], I was subjected to different terms and conditions of employment, including but not limited to, not getting raises like other non[-]black employees. I applied for a promotion and I was not selected. I believe

---

[1] This assertion is in tension with the complaint's allegation of employment dating back to 2012.

No. 22-1176 Page 3

> I was discriminated [against] because of my race, black[,] in violation of Title VII of the Civil Rights Act 1964, as amended. I also believe I was discriminated [against] because of my age, 64, (YOB: 1956), in violation of the Age Discrimination in Employment Act of 1967, as amended.

Thomas received his notice of the right to sue from the EEOC and commenced this suit, alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and the Illinois Human Rights Act, 775 ILCS 5/1-102(A); age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(a), and the Illinois Human Rights Act, 775 ILCS 5/1-102(A); retaliation in violation of Title VII, 42 U.S.C. § 2000e-3, and the Illinois Human Rights Act, 775 ILCS 5/6-101; and a violation of the Illinois Whistleblower Act, 740 ILCS 174/15. Although Thomas divides his claims into seven counts based on these legal theories, each count incorporates by reference all the allegations in the complaint, so it is not always clear what conduct he connects to each kind of discrimination.

The Fund moved to dismiss Thomas's complaint, arguing that the charge was insufficient to exhaust Thomas's administrative remedies for any claim in the complaint, as required by the federal statutes he invoked. *See* 42 U.S.C. § 2000e-5(e); 29 U.S.C. § 626(d). Thomas opposed that motion, and the district court allowed him to amend his complaint. After amendment, the Fund, now providing a copy of the charge of discrimination, again moved to dismiss on the same grounds. The district court granted the motion. The court did not address a potential sex-discrimination claim, but in assessing whether race- or age-discrimination claims were exhausted, it explained that, because "Thomas's administrative charge was skeletal and devoid of essential facts," *no* claim was administratively exhausted. The court noted that the only date on the charge, October 26, 2020, did not correspond with any incident that Thomas recounted in his complaint. The court also declined to exercise supplemental jurisdiction over the state-law claims and denied further leave to amend based on futility. Thomas timely moved for reconsideration under Federal Rule of Civil Procedure 59(e), arguing that he had alleged a failure to promote on a "single occasion": February 2020. The district court denied relief, and Thomas timely appealed.

## Analysis

We begin with two preliminary notes. First, this court has jurisdiction to review final decisions under 28 U.S.C. § 1291. Although the district court here dismissed "without prejudice," it denied leave to amend and entered a judgment order. *See* FED. R.

No. 22-1176 Page 4

Civ. P. 58(a). The "without prejudice" designation simply reflects that the dismissal was not on the merits; it is nevertheless final for purposes of § 1291. *See Mosely v. Bd. of Educ. of the City of Chi.*, 434 F.3d 527, 531 (7th Cir. 2006).

Second, the Fund submitted the charge, which Thomas did not attach to either complaint, with its second motion to dismiss. In his amended complaint, Thomas explained that he filed a "complaint" with the EEOC and received a notice of right to sue. The district court considered the charge "because it is central to the complaint and referred to therein." Neither party disputes that the district court could consider the charge, and the charge is central to the complaint and is mentioned within it. *See O'Brien v. Village of Lincolnshire*, 955 F.3d 616, 621–22 (7th Cir. 2020).

On appeal, Thomas appears to contend that his discrimination charge covers every claim in the complaint, and that to say otherwise is to require too much detail in his pleadings. This court reviews the grant of a motion to dismiss de novo. *Chaidez*, 937 F.3d at 1004. Exhaustion is an affirmative defense, so to dismiss at this stage, its application should be clear from the face of the complaint. *See Mosely*, 434 F.3d at 533 (IDEA action); *see also Jones v. Bock*, 549 U.S. 199, 215–16 (2007).

Before suing, Thomas first had to file a charge with the EEOC or its local counterpart. 42 U.S.C. § 2000e-5(e) (Title VII); 29 U.S.C. § 626(d) (ADEA); *see Chaidez*, 937 F.3d at 1004 (Title VII); *Tyburski v. City of Chicago*, 964 F.3d 590, 601 (7th Cir. 2020) (ADEA). His lawsuit is limited to claims that were in his charge or that are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Chaidez*, 937 F.3d at 1004 (quotations and citation omitted). "Courts review the scope of an EEOC charge liberally." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cnty.*, 804 F.3d 826, 831 (7th Cir. 2015). But asserting "the same kind of discrimination" in the charge and complaint is not sufficient to relate the two; rather, some factual connection is needed. *Chaidez*, 937 F.3d at 1005.

Therefore, to begin the analysis, we extract the factual allegations in the charge and the complaint. In the "particulars" section of the charge Thomas mentions three grievances against the Fund: 1) not getting promoted, 2) not getting pay raises, and 3) "different terms and conditions" of employment. His narrative links these affronts only to his race and age, although he also checked boxes for "sex" and "retaliation" as reasons for the discrimination.

Thomas's complaint is more extensive. In the race-discrimination count, he alleges that the discrimination "includ[es] but [is] not limited to not being promoted, being underpaid, and giving him different, less preferential terms and conditions of employment." The age-discrimination count includes allegations of "being systematically targeted, given different work conditions, [and] paid less and not promoted." Thomas does not identify sex discrimination or any kind of harassment as separate counts, but he alleges he was treated differently from female coworkers. His complaint also alleges more-generalized harassment and hostilities. Finally, he presents a retaliation count alleging mistreatment for reporting discrimination, but he provides insufficient details on that claim.

This court's task is to compare the charge and the complaint and determine to what extent the complaint contains claims like or reasonably related to the charge. On appeal, Thomas offers only vague arguments. He first asserts "it can … be reasonably inferred that the February 2020 rejection prompted his EEOC Charge." Further, he contends, because he mentioned a failure to promote and lower pay "it must be inferred as stated in his Complaints that he was harassed and bullied at work."

We conclude that the complaint's allegation of a discriminatory failure to promote in February 2020 reasonably relates to the charge. We conclude the same for the complaint's allegation of a discriminatory failure to receive pay raises. In the charge, Thomas alleges he was "not getting raises" and was "not selected" for a promotion. Then, in the complaint, he alleges he was denied a promotion in February 2020, despite performing the work of the higher-paying position. He also alleges he received "lesser pay." Thomas attributes the Fund's promotion and pay decisions to discrimination.

Thomas does not state in the charge that he was denied a promotion in February 2020; the only date he wrote on the charge—not for a specific event—is October 26, 2020.[2] Although the Fund insists otherwise, we do not think the absence of the February 2020 date in the charge is dispositive. Thomas's charge does not need to include "every fact that, individually or in combination, forms the basis" of his suit. *Huri*, 804 F.3d at 831. The charge asserts a failure to promote, and February 2020 falls within 300 days of the charge. *See* 42 U.S.C. § 2000e-5(e)(1) (allowing 300 days when "person aggrieved has initially instituted proceedings with a State or local agency");

---

[2] In response to a question at oral argument, Thomas's counsel stated his supervisor informed him on October 26, 2020, that he was denied the promotion, but we could not locate any reference to that allegation in the record.

29 U.S.C. § 626(d)(1) (same). Thus, Thomas's charge and complaint "describe the same conduct" (failure to promote) and "implicate the same [company]" (the Fund). *Huri*, 804 F.3d at 832. (Thomas also mentions a 2019 failure to promote in his complaint, but that falls outside the 300 days, as Thomas appears to concede.)

Considering this date discrepancy, the district court relied on two cases to decide that Thomas had not exhausted a failure-to-promote claim. In *McGoffney v. Vigo County Division of Family and Children*, 389 F.3d 750, 752 (7th Cir. 2004), the plaintiff had filed an EEOC charge that listed "7-7-00" as the date of the alleged failure to hire/promote but maintained that references to different "positions" and "jobs" in her charge covered a July 2000 job application *and* a previous one. This court affirmed the entry of summary judgment for the employer, ruling that the plaintiff's "vague allegations regarding 'positions' and 'jobs' … were insufficient to place the EEOC or [her employer] on notice of the particular job applications to which she was referring." *Id.* And in *Reynolds v. Tangherlini*, 737 F.3d 1093, 1099–101 (7th Cir. 2013), this court also affirmed the entry of summary judgment for an employer, concluding that merely mentioning "harassment" in the charge and failing to provide additional information for the investigation did not exhaust administrative remedies for a retaliation charge.

Neither case dooms Thomas's complaint, though. First, the particulars of the charges are distinguishable. Unlike in *Reynolds*, Thomas specifically mentioned failure to promote. And, unlike in *McGoffney*, in which the plaintiff attempted to include a separate application in the complaint, Thomas asserts that he applied for a promotion in February 2020, and nothing suggests that October 26, 2020, refers to an entirely different application. Given the timeframe and reference to promotions, a February failure-to-promote claim could "reasonably be expected to grow out of the EEOC investigation." *Chaidez*, 937 F.3d at 1004.

Second, both *McGoffney* and *Reynolds* were decided at summary judgment with a developed record. In *Reynolds*, the plaintiff had complained of unspecified harassment in the charge, and the evidence showed that the plaintiff then failed to follow up with the employer's EEO office and "did not provide enough details to allow an EEO officer to investigate." 737 F.3d at 1100. It is not clear what evidence beyond the pleadings the court in *McGoffney* relied on, but as noted already, the presence of a correct date, and the absence of other relevant application dates, in that case is distinguishable. 389 F.3d at 752. Thomas provided one date in the charge (October 26, 2020, for the date of the discrimination) that is not inconsistent with the date in the complaint (February 2020 for the date of the application). At this early stage of notice pleading, the district court had

No. 22-1176 Page 7

only the EEOC charge, which mentions a failure to promote, and the complaint, which refers to just one failure to promote during the 300-day period preceding the charge. Thus, it is not clear from the face of the pleadings that Thomas failed to exhaust, as required at this early stage. *See Mosely*, 434 F.3d at 533. Thomas provided the "minimum" allegation about the same conduct and the same employer, and he is entitled to a liberal reading of his charge. *Huri*, 804 F.3d at 832.

Third, in each decision that the district court cited, this court recognized that the charge exhausted some claim in the complaint, just not all of them. Here, the district court concluded that the charge was so vague that it could not exhaust *any* claim. But here the EEOC accepted the charge and presumably undertook the required investigation. 29 C.F.R. § 1601.15. As in *Reynolds*, therefore, the agency could likely provide further information.

Thomas alleged he was not promoted, and he did not receive a pay raise because of his race and age, the two types of discrimination mentioned in the "particulars" section of his EEOC charge. That charge, albeit sparse, reasonably relates to the claims in the complaint of race and age discrimination by failure to promote and failure to receive a pay raise. Just so, the charge does not reasonably relate to any claims of sex discrimination, retaliation, or any other claim. For these reasons, we conclude that the district court's judgment should be affirmed in part and vacated in part, and this case should be remanded for Thomas to proceed on race- and age-discrimination claims based on the February 2020 failure to promote and his claim of failure to receive a pay raise.

We note finally that Thomas does not argue that he should have had a second opportunity to amend his complaint. He contends at page 11 of his brief that "there is no need for a plaintiff to amend his complaint to include [details]." We agree there is nothing to be gained from amending the complaint on the topic of exhaustion: whatever relevant information is available (about the EEOC investigation, for example) could be adduced on remand. Because we vacate a decision that included the relinquishment of supplemental jurisdiction of state-law claims, and federal statutory claims will proceed, the state-law claims based on the same facts are now reinstated as well. *Edwards v. Snyder*, 478 F.3d 827, 832 (7th Cir. 2007).

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.